IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-00124-01-CR-W-NKL |
| MATTHEW HARKER, | ) ) | Case No. 08-00162-01-CR-W-NKL |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION

Pending before the Court is the issue of whether defendant Harker's competency has been restored so that he is now capable of assisting counsel in his defense. For the reasons set forth below, it is recommended that the Court find that defendant Harker has recovered to such extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

I.  BACKGROUND

On May 1, 2008, defendant Harker was charged in a Criminal Complaint with threatening to murder Judge Dean Whipple and Judge Ortrie Smith, United States District Judges for the Western District of Missouri.

On May 8, 2008, the Grand Jury returned a two-count indictment against defendant Harker in Case No. 08-00124-01-CR-W-NKL. Count One of this indictment charged that on February 4, 2008, defendant sent an e-mail to a Federal Aviation Administration ("FAA") representative threatening to injure the person of another with the intent to extort from representatives of the FAA Airman Medical Certificates previously held by defendant. Count Two charged that on December 1, 2004, defendant made material false statements in an Application for Airman Medical Certificate in that he certified that his FAA Airman Medical Certificate had never been suspended, knowing that his FAA Airman Medical Certificate was suspended on January 7, 2002.

On May 8, 2008, the Government filed a Motion for Psychiatric Examination. Defendant

Harker was examined at the Medical Center for Federal Prisoners in Lexington, Kentucky, by Dr. Karen Milliner, a forensic psychologist. Dr. Milliner found defendant not competent at the present time, but found that there was a substantial probability that he could attain competency in the foreseeable future if he were committed for treatment.

On June 24, 2008, a one-count indictment was filed against defendant Harker in Case No. 08-00162-01-CR-W-NKL, alleging a threat against a United States judge. This was the charge previously brought by complaint on May 1, 2008.

A competency hearing was held on August 6, 2008, before Magistrate Judge Robert E. Larsen. Magistrate Judge Larsen issued a Report and Recommendation recommending that the District Court enter an order finding defendant Harker incompetent to stand trial and further recommending that Harker be committed to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d). On October 7, 2008, District Judge Nanette Laughrey issued an Order finding defendant Harker incompetent to stand trial and committed him to the custody of the Attorney General to determine whether there was a substantial probability that in the foreseeable future Harker would attain the capacity to permit the trial to proceed.

Defendant Harker arrived at the Federal Medical Center in Butner, North Carolina, on November 13, 2008. By letter of March 20, 2009, Judge Laughrey was advised by the Medical Center that defendant Harker required treatment with psychotropic medications in order to restore his competency to proceed to trial, but that defendant Harker refused to voluntarily accept such medication as a form of treatment.

On April 23, 2009, the undersigned held a telephone conference with counsel to discuss scheduling a Sell hearing (a hearing to determine whether psychiatric medications should be involuntarily administered to the defendant). Defense counsel requested and was given the opportunity to obtain the services of Dr. Steven Peterson, a forensic psychiatrist, to review the report from the Medical Center and to examine defendant Harker regarding treatment prior to a hearing. Pursuant to defendant's motion, the Federal Medical Center in Butner was directed to provide the

Court with defendant's complete medical chart and psychiatric file. These medical records were provided to the parties on July 7, 2009.

On July 29, 2009, the undersigned held a telephone conference with counsel to again discuss scheduling a Sell hearing. Defense counsel requested that the Court obtain defendant's medical records from his examination at the Medical Center for Federal Prisoners in Lexington, Kentucky. The Court directed the Medical Center to provide said records. The government was directed to make the necessary arrangements to have defendant returned to this district for a Sell hearing.

On November 10, 2009, an evidentiary hearing was held to determine whether psychiatric medications should be involuntarily administered to the defendant in an attempt to restore his competency to proceed to trial. On November 25, 2009, the undersigned recommended that the Court return defendant Harker to the Federal Medical Center in Butner, North Carolina, and direct the Federal Medical Center to commence the involuntary medication of defendant Harker in order to render him competent to stand trial. On December 21, 2009, the Court ordered that the Federal Medical Center commence the involuntary medication of defendant Harker.

On April 30, 2010, F.A. White, Jr. was appointed to represent defendant Harker in all proceedings following the death of defendant's previous counsel, Bruce C. Houdek.

A Forensic Evaluation prepared by Bruce R. Berger, M.D., and Jill R. Grant, Phy.D., was provided to the Court on May 28, 2010. In this evaluation, defendant was found competent to stand trial. The warden of the Federal Medical Center in Butner signed a Certificate of Restoration of Competency to Stand Trial.

On June 8, 2010, the undersigned held a telephone conference with counsel to discuss scheduling a competency hearing. Defense counsel requested that he travel to visit with his client prior to the scheduling of a hearing. On June 16, 2010, the undersigned issued a Travel Authorization Order for defense counsel to visit defendant at the Federal Medical Center.

## II. DISCUSSION

After there has been an adjudication of incompetence and the defendant has been committed

to the Attorney General for a determination as to whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, as in this case, pursuant to 18 U.S.C. § 4241(e), the burden of persuasion shifts to the Government. See United States v. Cabrera, 2008 WL 2374234, *6 (S.D. Fla. June 6, 2008). As set forth in Cabrera, "the court must find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense."

On July 21, 2010, counsel jointly filed a Stipulation and Waiver of Hearing Regarding Competency of Defendant Matthew Harker. The Stipulation states in part:

> 6. ... After [his] appointment, Mr. White met several times with the defendant's mother and father, his family in this area, communicated in writing and by telephone with defendant Harker. Moreover, he was able to personally confer with defendant Harker for two hours on June 25, 2010; he has also been in communication with Dr. Berger, the psychiatrist who has been handling Mr. Harker's case prior to the administration of the psychotropic medications up to the present time and also Sara Revell, the Complex Warden and author of a report issued to the Court suggesting that "his (Mr. Harker's) competency has been restored secondary to treatment with anti-psychotic medication and maintenance of competency is dependant on his continued compliance."
>
> 7. It is submitted that ... based on all of the foregoing, and Mr. White's having talked extensively with his client, it is his opinion that Mr. Harker is well aware of the circumstances surrounding his present predicament, the charges in each of these cases, the relative roles of each of the parties involved including the Court, the prosecutor, and defense counsel and that Mr. Harker would be willing and able to assist his attorney in his defense. In fact, during the visit and subsequent to that visit, there has been good communication between Mr. Harker and his attorney with regard to whether he would be able to return to the district in order to face these charges ... as well as extensive discussions regarding the underlying evidence the government would have and the sorts of things necessary for a defendant to understand. Mr. Harker specifically requested that Mr. White ask that he be returned to the area so that we could start this process as soon as possible.
>
> 8. That the parties to this action have reviewed the psychiatric evaluation of Mr. Harker in its entirety and hereby stipulate to the report in its entirety. The parties further agree that any formal hearing regarding the report can be waived and that no additional evidence will be presented on the issue of competency in this matter and that the Court may adopt the report in its entirety.

(Stipulation and Waiver of Hearing Regarding Competency of Defendant Matthew Harker at 3-4)

The Forensic Evaluation, to which the parties have stipulated, provides in part:

> ... On 4/22/10, Dr. Berger met with Mr. Harker and his Supervisor, the Vocational Rehabilitation Specialist, with whom he has a good rapport and a trusting relationship. Mr. Harker's case was reviewed with him. He reported that on the current dose of 3 mg of risperidone taken daily he has no significant side effects except he does feel slightly more tired. In talking about his legal case, Mr. Harker reported that initially he was very angry when he returned to FMC Butner, feeling no one had really listened to his side of the story and had misperceptions about him. Upon questioning, Mr. Harker clearly understood the rules and responsibilities of Court officials including the Judge, AUSA, his attorney and a jury in the abstract, but generally believes Courts are corrupt and he believes officials in the Court, (i.e. the attorneys and Judges) are in league with one another to make things easier for themselves rather than work to any specific goal of justice. He does not feel personally targeted, but feels there is a general corruption of the Court system over the years since the founding of the country. He is able to clearly state his charge and understands that if convicted the possibility exists for incarceration. He understands that his case has not been finalized and he could possibly be found guilty. He hopes that a jury of his peers would be sympathetic to his frustration, which he alleges led, to his statements to the Judge. He voiced a defense concept that he spoke in the heat of the moment and did not have any true intent to harm the Judge. Mr. Harker reports he would insist on a jury and believes he would get a fair hearing. Mr. Harker also notes that although he would like to use the Court as a forum to press his views that he had been previously mistreated, specifically when his flight privileges were taken away. However, he understands that action is a separate legal issue and pursuing it in Court could get in the way of his current case. He believes he will need to work with his court ordered attorney, although he believes that the public defender is lazy and not working hard in his best interest. He believes a privately retained attorney, paid specifically by himself, would be a much stronger advocate but reports he does not have the resources.
>
> Throughout this interview of approximately one hour, Mr. Harker was able to maintain a calm demeanor and concentrate. At times he had to be briefly redirected to focus on his charges regarding, threatening a Judge rather than his preoccupation with being unjustly treated in the past when his flight privileges were taken away.
>
> It was further noted that although Mr. Harker continues to have what appears to be delusional religious beliefs and preoccupations including the belief he was changed in some unspecified way when a women [sic] stared and touched him on an airplane in the past, these beliefs were not intrusive during his interview regarding competency.

(Forensic Evaluation at 3-4) The Forensic Evaluation further provides:

> Since our last evaluation we have been able to further refine our principal diagnosis of Mr. Harker. In the past we diagnosed him as having a Psychotic Disorder, Not Otherwise Specified as a principal diagnosis. We now believe we can be more specific and diagnose him with a Delusional Disorder Persecutory Type. Delusional Disorder is characterized by nonbizarre delusions. In Mr. Harker's case, his delusions include both persecutory and religious themes that have existed for at least a one month duration. ...
>
> Fortunately, in Mr. Harker's case, antipsychotic medication therapy has reduced his symptoms, with no significant side effects. Specific to Mr. Harker we note that with

5

medication therapy his delusional beliefs appear to be much less intrusive and do not appear to significantly effect his day to day functioning. He does not appear to feel compelled to share his delusional beliefs with others and when he does discuss them he is much less emotionally charged.

In response to the Court's question of whether there is a substantial probability that in the foreseeable future Mr. Harker will attain the capacity to permit his legal proceedings to proceed, we opine that currently although he suffers form a mental disease or defect, with his current involuntary medication treatment, he is able to understand the nature and consequences of the proceedings against him and has the ability to work with his attorney. As noted previously in our report, he has an adequate understanding of basic legal concepts. Although he has little regard for our current legal system, he does not believe he is uniquely focused on or discriminated against in his current legal situation. Therefore, we believe Mr. Harker is currently competent to proceed to trial.

(Forensic Evaluation at 4-5)

### III. CONCLUSION

Based upon the undisputed information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Harker has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                          */s/ Sarah W. Hays*
                                                          SARAH W. HAYS
                                              UNITED STATES MAGISTRATE JUDGE